FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS
13 NOV -5 P3:46
CLERK U.S. DISTRICT COURT
BY: DEPUTY CLERK
AT WICHITA, KS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, }
Plaintiff, }
v. } No. 13-10057-01-MLB
MANJUR ALAM, }
Defendant. }

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney, Aaron L. Smith, and Manjur Alam, the defendant, personally and by and through defendant's counsel, Roger Falk, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

**1. Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Superseding Indictment charging a violation of Title 18, United States Code, §§ 1349 and 2, that is, Conspiracy to Commit Wire Fraud and Bank Fraud. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Indictment to which the defendant has agreed to plead guilty is not more than 30 years of imprisonment, a $1,000,000 fine, not more than 3 years of supervised release, restitution and a $100 mandatory special assessment. The United States agrees that at the time of sentencing it will move for dismissal of the remaining counts of the Superseding Indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On or beginning in 2006 through April 2008, in the District of Kansas, Manjur Alam (defendant) did commit a scheme or artifice to defraud a financial institution by a wire fraud and bank fraud.

Working with Manjur Alam, the various co-conspirators submitted loan applications for the purchase of the properties in Wichita, KS. Each of the loan applications contained multiple false statements. In some of the loans, Manjur Alam submitted a false verification of rent with the loan application for the co-conspirator. In some of the loans, Manjur Alam submitted a false verification of employment with the loan application for the co-conspirator. In some of the loans, Manjur Alam submitted a false letter of credit for the co-conspirator. The co-conpirators adopted and incorporated the verifications of rent, employment and letters of credit into his loan application, thus adopting the false statements. In each loan the co-conspirators falsely represented on the loan application that the home would be a primary residence. The co-conspirators actually intended the home to be used as a rental property, at the suggestion of Manjur Alam.

The relevant loan applications are as follows:

| On or about date | Application |
|---|---|
| 07/12/2006 | The submission of false loan application information for BRUCE DYKES, borrower for the purchase of 1244 S. Emporia. |
| 07/31/2006 | The submission of false loan application information for BRUCE DYKES, borrower for the purchase of 2208 S. Glendale. |
| 04/10/2007 | The submission of false loan application information for CHRISTOPHER GINYARD, borrower for the purchase of 2050 Santa Fe. |
| 01/12/2007 | The submission of false loan application information for HENRY PEARSON SR., borrower for the purchase of 8431 Hildreth. |
| 12/29/2006 | The submission of false loan application information for HENRY PEARSON Jr., borrower for the purchase of 1510 N. Market. |
| 08/22/2007 | The submission of false loan application information for STEVEN PELZ, borrower for the purchase of |

| | |
|---|---|
| | **1044 S. Sedgwick.** |
| **03/03/2008** | **The submission of false loan application information for JANICE YOUNG, borrower for the purchase of 2431 S. Lulu.** |

Manjur Alam aided the co-conspirators in preparing the applications and closing paperwork and participated in the scheme falsely identifying properties as primary residences when they would actually be used as investment properties. Manjur Alam recruited the co-conspirators to participate in the scheme to defraud and profited from hi participation.

The banks involved in the transactions are lending institutions and financial institutions insured by the FDIC.

**3.** **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant may seek a variance in sentence as outlined in paragraph 5.d. The parties understand this agreement binds the parties only and does not bind the Court.

**4.** **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the Indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

**5.** **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

b. To recommend a sentence at the low end of the applicable guideline range;

c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty;

d. To allow the defendant to request a variance no lower than 12 months in prison;

e. To allow the defendant to present argument and evidence on the proper loss value and loss calculation in relation to sentencing under USSG §2B1.1.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The

defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**6. Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

**8. Identification of Assets & Agreement Concerning Monetary Penalties.**

A) The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which he has sole, joint or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of his financial information to the United States Attorney's Office at the same time that he provides such to the United States Probation Office as part of the presentence investigation procedure. Defendant consents to the release of the information from the United States Probation Office to the United States Attorney's Office should s/he neglect to separately provide such information to the United States Attorney's Office. Moreover, defendant agrees, if requested by either the United States Attorney's Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the defendant under oath.

B) The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged, or otherwise under his custody or control. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1, to file a 5K1.1 motion, or any other sentencing recommendations contained in this agreement.

C) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the

schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

11. **Waiver of Appeal and Collateral Attack**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v.

Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct. The defendant shall maintain and is not waiving, despite any of the above language, his right to appeal any loss amount determined by the Court, which defendant believes was improperly determined by the trial Court for the purpose of U.S.S.G. § ~~1~~ 2 B1.1 RLF AYZ

**12. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**13. Forfeiture of Assets.** The defendant also pleads guilty to and agrees not to contest the criminal forfeiture allegation of the Indictment. Defendant acknowledges that the property listed in the Forfeiture Allegation was involved or used in the commission, or property derived from Count 1. Defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the subject property. The defendant acknowledges and agrees that the forfeiture

of the subject property shall not be deemed an alteration of defendant=s sentence or this agreement. The defendant acknowledges and agrees that the forfeiture of the subject property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. Defendant agrees to the immediate entry of the preliminary order of forfeiture. Defendant freely, voluntarily, knowingly and intelligently waives any right to collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets.

**14. Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

**15. Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**16. No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

AARON L. SMITH
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Tel.: (316) 269-6481
FAX: (316) 269-6484
Aaron.Smith3@usdoj.gov
Kan. S. Ct. No. 20447

Date: 11/4/2013

DEBRA BARNETT
Criminal Supervisor

Date: 11/5/2013

MANJUR ALAM
Defendant

Date: 11/5/13

ROGER FALK
Attorney for the Defendant

Date: 1/5/2013