IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

UNITED STATES OF AMERICA                    )
                                            )
                               Plaintiff,)
                                            ) District Court
vs.                                         ) Case No. 13-10057
                                            ) Circuit Court
MANJUR ALAM                                 ) Case No. 14-3169
                                            )
                               Defendant.)
                                            )
_____

**TRANSCRIPT OF PLEA OF GUILTY**

     On the 5th day of November, 2013, came on to be heard Plea of Guilty in the above-entitled and numbered cause before the HONORABLE MONTI L. BELOT, Judge of the United States District Court for the District of Kansas, sitting in Wichita.

APPEARANCES:

     The Plaintiff appeared by and through Mr. Aaron Smith;

     The Defendant appeared by and through Mr. Roger Falk.

(Beginning at 2:10 p.m. November 5, 2013, the following proceedings were held.)

THE COURT: This is United States against Manjur Alam. Case number 13-10057. Aaron Smith appears for the Government and the Defendant appears with Roger Falk. Swear the defendant.

(Defendant sworn to enter a plea of guilty.)

THE COURT: Please be seated. The Petition says that you're 47; you have a college education. Have you had any alcohol to drink in the last 24 hours?

DEFENDANT: No, sir.

THE COURT: Have you taken any drugs, legal or illegal?

DEFENDANT: No.

THE COURT: Have you ever had any mental problems?

DEFENDANT: No.

THE COURT: Have you had sufficient time to discuss your case with Mr. Falk?

DEFENDANT: Yes, I did.

THE COURT: And are you satisfied with the way he's handling your case?

DEFENDANT: Yes, Your Honor.

THE COURT: Now, you know that today is an important day for you, and I want you to listen carefully to what I have to say; and if you have any questions about what I have to say or any questions regarding the consequences of the answers that you have to give in order for me to accept your plea, I want you to tell Mr. Falk or tell me. Will you do that?

DEFENDANT: Yes.

THE COURT: If you don't tell us that you don't understand something, he and I will assume you do understand.

According to the Plea Agreement, you're going to enter a plea to Count 1 of a sealed Superseding Indictment that is of some length, but basically charges a violation of 18 U.S. Code Section 1349. And 18 U.S. Code Section 1349 is not the same --

MR. FALK: I believe it's 1343, Your Honor.

THE COURT: Section --

MR. SMITH: It is 1349, Your Honor. You have it right and that might be an error. Roger, you might interlineate that on the front page. It's 1349.

THE COURT: 1349 is attempt and conspiracy. Any person who attempts or conspires to commit an offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the

commission of which was the object of the attempt or conspiracy. And I believe this charges a violation of the underlying conspiracy, that is, charges violations of Sections 1343 and 1344, and 2. Am I correct?

MR. SMITH: Yes, Your Honor.

MR. FALK: Yes, Your Honor.

THE COURT: Well, under the circumstances, I think it would be a good idea to interlineate the Plea Agreement to that effect because he's not pleading guilty to 1343. He's pleading guilty to 1349.

MR. FALK: That has been done on the original, Your Honor.

THE COURT: Okay. Now -- and he should initial that. Now, that doesn't change the maximum penalty because 1343 is wire fraud and it carries a maximum penalty of 30 years and a million dollar fine or both. So, with those changes, I think we're okay to go forward now. Mr. Falk, I assume that you're retained in this matter?

MR. FALK: I am, Your Honor.

THE COURT: Mr. Alam, I can, if you wish, read this Indictment to you; but if you feel and Mr. Falk feels that you understand what you're charged with -- and you do have a college education. You can ask to have the reading waived. What's your choice?

DEFENDANT: I'll waive it.

THE COURT: All right. Now let's turn to the Plea Agreement. First of all, have you gone over the Plea Agreement and discussed it with Mr. Falk?

DEFENDANT: Yes, I did.

THE COURT: Do you understand it?

DEFENDANT: Yes.

THE COURT: Do you have any questions about it?

DEFENDANT: No.

THE COURT: I'm going to cover a good portion of it, but there are certain paragraphs in the Plea Agreement that really don't require lengthy discussion, or any discussion, such as payment of special assessment and that sort of thing. But if you have any questions about the Plea Agreement as we go along, you let me know and we'll cover it.

Count 1 carries, as you know, a maximum penalty of 30 years in prison; a million dollar fine; up to three years supervised release; restitution, which I'm sure will be involved in this case; and a special assessment.

The elements of 1349, if we were before a jury, would be -- I would instruct the jury and the Government would have to prove beyond a reasonable doubt that you conspired to commit the crime of wire fraud as alleged.

And I would instruct on the elements of conspiracy. And counsel can direct me if I'm wrong, but I believe that this would be a 371 conspiracy.

MR. SMITH: Well, it's actually self-contained within 1349. The fraud conspiracies have their own section.

THE COURT: I recognize that, Mr. Smith, but I believe I would have to instruct the jury on the elements of conspiracy.

MR. SMITH: Yes. Yes. It does follow that, 371, yes.

THE COURT: Those elements are as follows: That you agreed with at least one other person to violate the law, in this case section 1343; that one of the conspirators engaged in at least one overt act furthering the conspiracy's objective. Third, the defendant knew the essential objective of the conspiracy. Fourth, the defendant knowingly and voluntarily participated. And fifth, and this is the unique element to this Circuit, that there was inter-dependence among the members of the conspiracy, that is, the members in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy. Then, because the conspiracy involved a violation of 1343, I would instruct on the

elements of 1343, which are, first, that the Defendant devised or intended to devise a scheme to defraud by means of fraudulent or false pretenses. Second, that the Defendant acted with specific intent to commit the fraud. Third, that the Defendant used interstate or foreign, and in this case probably interstate, wire communications for the purpose of carrying out the scheme to defraud. Fourth, that the scheme involved false or fraudulent pretenses, representations or promises that were material. And in this case I believe it would also -- I could also instruct that the scheme effected a financial institution. Do you agree those are the elements, Counsel?

MR. SMITH: Yes.

MR. FALK: Yes, Your Honor.

THE COURT: All right. Now, Paragraph 1, we've covered that. You do understand that if you're sentenced to serve a term in prison that you will be required to serve a term of supervised release when you get out. I don't know how long that would be; but not longer than three years. And during that period of time, you'll be supervised by a U.S. probation officer. If you violate the terms of supervised release, you can be brought back before a judge, and if the judge finds that it's more likely true than not true that you

violated supervised release, the judge can send you back to the penitentiary to serve more time in this case without a trial. Do you understand that?

DEFENDANT: Yes.

THE COURT: And do you also understand that if you receive a term of imprisonment in this case, that you'll have to serve all of it because there is no parole in the federal system. You understand that?

DEFENDANT: Yes.

THE COURT: Paragraph 2 of the Plea Agreement is the most important paragraph because it sets forth the facts, which, if true, justify my decision to accept your plea. Have you carefully gone over and discussed it with Mr. Falk?

DEFENDANT: Yes, I did.

THE COURT: Does Paragraph 2 accurately state what happened and what you did?

DEFENDANT: Yes.

THE COURT: Now let's talk about -- yes.

MR. SMITH: Your Honor, if I might. Just because I know the charge is a bit complicated. If I could focus in on a couple of these issues in Paragraph 2 just to make it clear because this --

THE COURT: You may.

MR. SMITH: -- conspiracy incorporated 1343

and 1344 both.

THE COURT: You may.

MR. SMITH: In the table in Paragraph 2, the transaction -- the two transactions that involve Bruce Dykes, Christopher Ginyard, Henry Pearson, Sr, Steven Peltz and Janice Young, those were loan applications that were submitted to financial institutions that resulted in home closings. The closings were funded by interstate wire transmission. So those were the 1343 violations.

In the Henry Pearson, Jr, transaction, that was a 1344 violation, a bank fraud violation, because those documents were submitted directly to the financial institution. And the same loan application had the same material misrepresentation. So it was a direct bank fraud rather than a wire fraud. I just wanted to make that clear between these different transactions that are represented in Paragraph 2.

THE COURT: So I would then instruct on 1344 on that particular charge. And the elements of 1344 are very similar. That the defendant knowingly executed or attempt to execute a scheme to defraud; that a financial institution was involved and was insured by the FDIC, which is what gives the federal court jurisdiction. The defendant acted with intent to defraud. The false or

fraudulent pretenses were material, that is, they would naturally tend to influence or were capable of influencing the decision of the financial institution. Now, those elements?

MR. SMITH: Yes, Your Honor, that's correct. And, for the record, that is what was reflected in Count 8 of the Indictment.

THE COURT: All right. Now, let's turn now to Paragraphs 3, 4, 5, 6, 7, 8 and 9. There will be a presentence report prepared in your case. Mr. Falk can be present with you when you're interviewed by the probation office. When the report is completed, it will be given to Mr. Falk who will discuss the report with you. If there's anything in the report that needs to be corrected, he will work with the probation office to get that done. Then I get the report. And I read it; but I do not make up my mind about a sentence based on a report alone. I wait until the day of sentencing because it is not uncommon for me to receive additional information at the time of sentencing about a defendant. Letters, for example, or whatever. And also if the defendant wants to address me, then I will listen to the defendant. And the lawyer. But generally speaking, the presentence report gives a pretty good idea of what the sentence is going to be, at least in terms of the

guideline sentence. And there are some things in the report here that impact the guideline sentence. First of all is relevant conduct, which, I'm looking back here at the Indictment. You are also charged in other counts. And relevant conduct allows the activity in those other counts to be taken into consideration even though you haven't plead guilty to them or been found guilty by a jury. And the effect of relevant conduct, if it applies, is to raise the guideline sentence.

Now, Government's agreeing to make some recommendations. If you're truthful with the probation office, I will give you credit for acceptance of responsibility, which tends to lower the guideline range. I certainly have no problem about presenting -- allowing you to present argument and evidence on the loss value. That's a very important aspect of sentencing. And also of restitution.

Paragraph D, you can request a variance of whatever you want, I don't care. I'll consider it. But I don't tell any defendant that they can't ask for a lower sentence. But the point here is, and this is in Paragraph 6, I don't have any idea in your case what your sentence is going to be. It can be up to 30 years. But what I can tell you is that -- two things. One, I'm sure you've talked with Mr. Falk about what a sentence

may be, have you not?

DEFENDANT: Yes.

THE COURT: You understand his job is to advise you about matters like that but that he cannot and has not promised you a sentence. Correct?

DEFENDANT: Yes, sir.

THE COURT: And secondly, if you come in here on the day of sentencing and get a sentence that you don't like, you can't withdraw your plea and have a trial. Do you understand that?

DEFENDANT: Yes, sir, I do.

THE COURT: Your agreeing in Paragraphs 7 and 8 to provide truthful information to the Government. Of course, I'm sure Mr. Falk has told you if you do not provide truthful information, that that will not help you when it comes time for sentencing; and that it would give the Government a basis to ask me to set aside the plea.

Paragraph 11 talks about waiver of appeal and collateral attack. I'm only really these days discussing waiver of appeal. Basically, if you receive a sentence that is properly within the guideline range, then you are agreeing that you will not file an appeal of your conviction or your sentence to the next higher court in Denver. You understand that?

DEFENDANT: Yes, I do.

THE COURT: All right.

MR. FALK: Your Honor.

THE COURT: Yes.

MR. FALK: This case is somewhat unique and there is a scrivener's error in that paragraph.

THE COURT: Yes.

MR. FALK: The last sentence of Paragraph 12 currently reads -- excuse me, Paragraph 11, currently reads: The defendant shall maintain and is not waiving despite any of the above language, his rights to appeal any loss amount determined by the court which defendant believes was improperly determined by the trial court for the purpose of USSG -- and that says 1B1.1. That should be 2B1.1. Both the Government and I agreed that's the guideline that would control in this particular case. As Your Honor well knows, the amount of the loss has a great impact on how many levels are added.

THE COURT: Well, I'm certainly going to allow the parties to present whatever evidence that they want. And I guess if either the Government or the Defendant feels aggrieved by my finding with respect to the amount of loss, they can take it up.

Paragraph 16 simply says that you're pleading

guilty because you are guilty and for no other reason and that it's your decision to plead guilty. It's not Mr. Falk's or anyone else's. Is that true?

DEFENDANT: Yes.

THE COURT: Do you have any questions about the Plea Agreement, Mr. Alam?

DEFENDANT: No, sir.

THE COURT: The second document is the so-called Petition. Have you gone over that with Mr. Falk?

DEFENDANT: We did.

THE COURT: Do you understand it?

DEFENDANT: Yes.

THE COURT: Do you have any questions about it?

DEFENDANT: No.

THE COURT: Do you understand that one of the things you're doing in that Petition is admitting under oath that you committed the offense charged in Count 1?

DEFENDANT: Yes.

THE COURT: Finally, you are not required to plead guilty in this case. You're entitled to a trial to a jury. We would select the jury from people who live in this area, several counties surrounding Sedgwick County, who registered to vote in the last election.

They're summoned here by a computer, basically, so we don't know who they are until they get here. And to select the twelve people plus one alternate who can agree to be fair and impartial to both sides, we go through a questioning process. And I question the jurors about theirs matters. The lawyers are allowed to question the jurors. Any juror who for some reason indicates he or she can't be fair and impartial will be excused for cause. You may excuse up to ten and the Government up to six of the jurors for peremptory challenges. And that way we get twelve people plus one alternate who will be the jury and hear and decide the case.

Once the jury is selected and sworn, then we start the trial. At a trial you have some very important rights. You have the right to counsel, and that right never goes away. You have the right to be presumed innocent. I tell the jurors what you're charged with. They have to know why they're here, so I tell them about the charge; and at the same time I tell them that the charge is not evidence of any kind against you. Rather, the jury must presume that you are innocent of the charge or charges until such time, if ever, that all twelve of the jurors are convinced by the Government's evidence beyond a reasonable doubt of your guilt. I

tell the jury in a case involving more than one count that the jurors must consider the evidence separately as to each count and return a separate verdict as to each count. Of course, Mr. Falk has the right to cross-examine any witness called by the Government. You are not required to testify at a trial. You may if you wish. And you may call witnesses. But if you choose not to do that, I instruct the jury that that cannot be held against you in any way. And finally, if you're convicted, you may appeal your conviction and your sentence to the Tenth Circuit in Denver.

Do you have any questions about the rights that you have in connection with a jury trial?

DEFENDANT: No, Your Honor.

THE COURT: Now, you're giving up all those rights by pleading guilty with the sole exception basically of your right to counsel. You're giving up your right to be presumed innocent. You're giving up your right to make the Government, if it can, prove your guilt to a jury beyond a reasonable doubt. You're giving up your right to remain silent because you've told me that Paragraph 2 of the Plea Agreement is accurate. And with these really pretty narrow exceptions of a sentence that would be outside the guideline range and then this paragraph or this sentence

regarding the amount of loss, you're giving up your right to appeal.

DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about the rights you're giving up?

DEFENDANT: No.

THE COURT: Then I shall ask you, sir, how do you plead do Count 1, guilty or not guilty?

DEFENDANT: Guilty.

THE COURT: Mr. Falk, is there any reason why I should not accept his plea?

MR. FALK: No, Your Honor. And I would ask that it be accepted as prayed for in the Petition and Certificate of Counsel.

THE COURT: I fine that the Defendant has made his plea freely, voluntarily and because he is guilty as charged; and not out of ignorance, fear, inadvertence or coercion; and with a full understanding of its consequences. I further find that the Defendant has admitted the essential elements of the crime charged and is mentally competent. Pursuant to Rule 11, advisory guideline 6(b)1.1 and U.S. vs. Byrum, I'm accepting the plea but will defer my decision to accept or reject the Plea Agreement until I've seen the presentence report.

Now, I'm going to put this man in custody. I was

not aware until today that he has a prior conviction in this court involving the same basic conduct that he just plead guilty to; and that he committed some of the offenses in this case while he was on a probationary sentence imposed by Judge Marten. He's a threat to the community and I don't believe that -- well, I find that there's no reason why he should remain out of custody pending sentence. So hook him up, Marshal. Sentence will be January 27 at 11:30. We are in recess.

MR. FALK: Your Honor, if I may.

THE COURT: You may; but I made my finding and that's the way it is.

MR. FALK: It's not regarding that. The 11:30 timing on the 27th, I anticipate this case, depending upon what the state and I are able to -- or, excuse me, not the state -- the Government and I are able to agree to as far as stipulating to certain documents, it may take longer than the average sentencing.

THE COURT: There's no speedy sentencing statute that I'm aware of. If it does take longer, then you can -- but that's a couple months away. And I'm hopeful that -- I don't want him sitting in jail for a long period of time pending sentence.

MR. SMITH: Judge, maybe what we'll do is we'll submit some briefs to kind of outline the issues.

THE COURT: All right. We're in recess.

(Adjourned at 2:37 p.m.)

Cindy L. Schwemmer, Certified Shorthand Reporter
United States District Court, Wichita, Kansas

C E R T I F I C A T E

I, Cindy L. Schwemmer, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my electronic signature on this the 20th day of October, 2014.


s/ Cindy L. Schwemmer

Cindy L. Schwemmer, RPR, FCRR

United States Court Reporter